UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL NO. 73, <br><br> and <br><br> THE TRUSTEES of the SHEET METAL WORKERS LOCAL N0. 73 PENSION FUND, SHEET METAL WORKERS LOCAL N0. 73 WELFARE FUND; and SHEET METAL WORKERS LOCAL N0. 73 ANNUITY FUND, <br><br> Plaintiffs, <br> v. <br><br> ROYAL SHEET METAL CORPORATION, <br><br> Defendant. | Case No.: 21 CV 5115 <br><br> Judge: <br><br> Magistrate Judge: |

## COMPLAINT

Plaintiffs, SHEET METAL WORKERS LOCAL NO. 73 (hereinafter "Plaintiff Union") and THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 PENSION FUND, SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND and SHEET METAL WORKERS LOCAL NO. 73 ANNUITY FUND (collectively "Plaintiff Funds") by and through their attorneys at Gregorio ♦ Marco, P.C., bring the following action against ROYAL SHEET METAL CORPORATION (hereinafter "Defendant" or "Company"). In support, the Plaintiffs state as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq*. (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising

1

thereunder.

2. The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3. The Defendant is an employer engaged in the sheet metal industry. Its principal office is located at 10217 Franklin Ave, Franklin Park, Illinois, and is within the Northern District of Illinois.

4. The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5. On June 22, 2017, Defendant executed a Supplemental Agreement (hereinafter "Agreement") with the Sheet Metal Workers' Union, Local No. 73 and other documents acknowledging receipt of a Collective Bargaining Agreement (hereinafter "CBA") and acknowledging the Agreement and Declaration of Trust, true and correct copies of which are attached hereto as **Exhibit A**. By its terms, the Supplemental Agreement between Defendant and the Union adopted the terms of the CBA. The CBA binds Defendant to the terms of the Trust Agreements which created the Plaintiff Funds.

6. The CBA requires Defendant to contribute to the Plaintiff Funds and binds Defendant to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports"). The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. The CBA and Trust Agreements provide that employers who do not timely pay all contributions are also liable for liquidated damages, interest, audit fees, and attorneys' fees.

8. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all required contributions for the time period of April 2021 to the present.

9. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all required liquidated damages assessments for the time period of January 1, 2018 to the present.

10. As a result of said breaches, the Defendant is also liable to the Plaintiffs for the following ancillary damages on top of the fringe benefit contributions:

   a. Attorneys' fees and costs pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2);

   b. Liquidated damages and interest pursuant to the Trust Agreements and 29 U.S.C. §1132(g)(2); or

   c. Double interest pursuant to 29 U.S.C. §1132(g)(2), whichever is greater.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay all contributions shown to be due for the time period of April 1, 2021 to the present and pay attorneys' fees and costs incurred by the Plaintiffs.

B. That the Defendant be ordered to pay liquidated damages and interest or double interest.

C. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

                                                Respectfully submitted,
                                                **Sheet Metal Workers Local 73 Benefit Funds**

                                                By:/s/ Michael J. McGuire
                                                One of their attorneys

Michael J. McGuire
ARDC #: 6290180
Gregorio ♦ Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343

4